J. Howard Rossbach, P. J.
In this motion complainant asks this court to proceed to trial in a paternity suit in the absence of the defendant. Defendant was duly served with a summons *382 and complaint. He appeared in court and denied paternity. He requested an order for a blood-grouping test which was granted. He appeared with his counsel when the ease .was. on the Trial Calendar. After several adjournments the case was given a preference and marked “ final ” against the defendant.
"From this point on, defendant has failed to appear. A bench warrant was ordered for his arrest and an order was made for him to post a $1,000 undertaking.
If an undertaking had been previously posted, it is clear that the issue of defendant’s paternity could have been tried in his absence. (N. Y. City Crim. Cts. Act, § 67, subd. 2; Commissioner of Welfare v. Kelemen, Court of Special Sessions, City of N. Y. Index 660-1942; Sehatkin, Disputed Paternity Proceedings [3d ed.], pp. 94-95.) It is contended, however, that since an undertaking has not been posted, this court lacks the power to proceed to trial in the absence of the defendant. Mr. Sehatkin is of this view (p. 95): “It must be emphasized, though, that the practice of proceeding to trial in the absence of the defendant is authorized only where an undertaking with security for appearance had previously been furnished.” We know of no. case deciding this question.
Subdivision 2 of section 67 of the New York City Criminal Courts Act is not unambiguous. It provides: “If the defendant fails to appear, his undertaking for appearance shall be forfeited and the amount secured thereby shall be applied on account of the payment of such order of support as the court may make and for this purpose the trial shall proceed as if the defendant were present, and if the findings be against the defendant the court shall make such orders as if the defendant were in court. ” It is argued that the words 1 ‘ for this purpose ’ ’ limit trials in absentia to those cases where an undertaking has been posted.
We disagree. In this proceeding the court has in personam jurisdiction over the defendant. Any final order would be made against him — not his property. We fail to see the logic whereby the posting of' an undertaking confers an additional in rem jurisdiction on this court which enables it to try a case in defendant’s absence. In such case the final order is still an order against the defendant in person, although it first feeds upon the undertaking posted with the court. There is no suggestion that the amount in the filiation order is limited to the amount of the undertaking. We understand that a filiation order so achieved would remain in full force and effect even after periodic payments had consumed the whole sum.
*383 The Domestic Relations Law which regulates paternity proceedings outside of the City of New York offers a clue to the general legislative intent as to trials in absentia. Subdivision 2 of section 126 provides: “ If the defendant fails to appear, the security for his appearance shall be forfeited and shall be applied on account of the payment of the order of filiation, but the trial shall proceed as if he were present; and the court shall upon the finding of the judge make such orders as if the defendant were in court.” Here the words “ for this purpose ” have not been used, and it would seem clearer that a trial in absentia does not hinge on the posting of an undertaking.
We conclude that the Legislature in enacting the two sections above intended to grant the courts two powers upon the default of defendant:
1. To try a defendant in absentia.
2. To transform an appearance undertaking into a performance undertaking after a filiation order has issued.
These powers are entirely different and have no logical interdependence. We therefore hold that the absence of an appearance undertaking is no bar to a trial in absentia. The case will be set for trial and defendant’s attorney of record so notified.